UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
UNITED STATES OF AMERICA, :
:
-v- : 18-CR-528-5 (JMF)
:
ADRIENNE ROBERTS, : ORDER
:
Defendant. :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, District Judge:

On April 2, 2020, the Defendant, Adrienne Roberts, filed a letter motion seeking compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). *See* ECF No. 287, 289. The Government opposes the request. *See* ECF No. 288.

The parties are hereby ordered to submit supplemental briefs, not to exceed ten pages and to be filed no later than **noon** on **April 6, 2020**, addressing the following questions:

1. Whether the Court has authority to excuse Ms. Roberts's failure to exhaust for the reasons described in *Mathews v. Eldridge*, 424 U.S. 319 (1976) and its progeny. *See Smith v. Berryhill*, 139 S. Ct. 1765, 1773-74 (2019) (suggesting that the *Eldridge* line of cases survives *Ross v. Blake*, 136 S. Ct. 1850 (2016)); *see also Bowen v. City of New York*, 476 U.S. 467 (1986); *New York v. Sullivan*, 906 F.2d 910, 918 (2d Cir. 1990). In particular, whether the *Eldridge* line of cases applies to Section 3582(c); whether the exhaustion requirement in Section 3582(c) is excusable only if the relief sought is collateral; whether this motion is collateral in light of the fact that Ms. Roberts seeks relief distinct from the relief sought from the Bureau of Prisons ("BOP"); and whether "[t]he purposes of exhaustion would not be served" by enforcing the exhaustion requirement. *Bowen*, 476 U.S. at 484.

2. Whether, in evaluating the question of exhaustion, the Court may look to Title VII's requirement that a person aggrieved by discrimination first petition the EEOC to sue on his or her behalf before seeking relief directly in court. *See* 42 U.S.C. § 2000e-5(f)(1); *see also Francis v. City of N.Y.*, 235 F.3d 763, 768 (2d Cir. 2000) (holding that "presentation of a Title VII claim to the EEOC is not a jurisdictional prerequisite, but only a precondition to bringing a Title VII action that can be waived by the parties *or the court*" (emphasis added) (internal quotation marks and alterations omitted)); *Fernandez v. Chertoff*, 471 F.3d 45, 58 (2d Cir. 2006) ("[C]ourts may, in their discretion, waive administrative exhaustion requirements under circumstances where the administrative remedy is inadequate because the agency cannot provide effective relief."); *Rein v. McCarthy*, No. 19-842-cv, 2020 WL 1042220, at *1 (2d Cir. Mar. 4, 2020) (summary order) (reaffirming that principle after *Ross v. Blake*).

1

3. Whether the Court's power to "reduce" a term of imprisonment pursuant to 18 U.S.C. § 3582(c), the compassionate release statute, includes the power to craft a new sentence that would, in effect, allow Ms. Roberts to be released from custody (subject to any appropriate conditions) until the threat posed by COVID-19 has subsided and then remanded to serve additional imprisonment of a length not to exceed the amount of time then remaining on her sentence?

4. Whether, pursuant to 18 U.S.C. § 3622, the "furlough" statute, a temporary release can exceed thirty days in duration or be renewed or extended.

5. Assuming *arguendo* that the decision of whether to release an inmate pursuant to Section 3622 is committed to the sole discretion of the BOP, whether a decision denying such relief is judicially reviewable in any way, including but not limited to a petition for writ of habeas corpus, a petition under the All Writs Act, or any other action and, if so, whether such a proceeding would have to be brought in the district of confinement. *See, e.g.*, *Santos v. United States*, No. 12-CV-4836 (DLI), 2013 WL 1952509, at *1 (E.D.N.Y. May 10, 2013) (holding that the defendant "must first request a furlough" from the BOP, and then "may seek judicial review" of a denial "by filing a petition for a writ of habeas corpus" in the "federal district where the petitioner is incarcerated"); *Zucker v. Menifee*, No. 03-CV-10077 (RJH), 2004 WL 102779, at *11 (S.D.N.Y. Jan. 21, 2004) (issuing a writ of mandamus under the All Writs Act requiring the BOP to reconsider its determination under 18 U.S.C. §§ 3621 and 3624 and reserving the right to "grant a writ of habeas corpus if respondent fails to comply").

Finally, in conjunction with its supplemental submission, the Government shall file a sworn declaration from a responsible officer of the BOP setting forth a firm date by which the BOP will reach a decision on Ms. Roberts's pending application, mindful that each day that passes exposes Ms. Roberts to more peril and that, under the circumstances, awaiting the "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility" may result in irreparable harm. 18 U.S.C. § 3582(c)(1)(A).

The parties are advised that the Court is entering a similar order in *United States v. Nkanga*, 18-CR-713 (JMF).

SO ORDERED.

Dated: April 3, 2020
New York, New York

_____
JESSE M. FURMAN
United States District Judge