UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                   :

UNITED STATES OF AMERICA,            :        18-CR-528-5 (JMF)
                                                   :

            -v-                                 :        MEMORANDUM OPINION
                                                   :              AND ORDER

ADRIENNE ROBERTS,                       :
                                                     :
                     Defendant.             :
                                                     :
---------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Defendant Adrienne Roberts was convicted of conspiracy to violate the Travel Act in connection with the prostitution of minors and, less than three months ago, sentenced to forty-eight months' imprisonment. Having now exhausted her administrative remedies, she moves for compassionate release, pursuant to 18 U.S.C. § 3582(c)(1)(A), based on the risk that the COVID-19 pandemic poses to her health. *See* ECF No. 305; *see also United States v. Roberts*, — F. Supp. 3d —, No. 18-CR-528-5 (JMF), 2020 WL 1700032, at *1-2 (S.D.N.Y. Apr. 8, 2020) ("*Roberts I*") (denying Ms. Roberts's first compassionate-release motion for failure to exhaust her administrative remedies). Regrettably, the authority granted to the Court by the compassionate-release statute is only limited. The Court may not order that Ms. Roberts be temporarily released until the very real threat posed by COVID-19 to those in jails and prisons has subsided; only the Bureau of Prisons can do that, and it has denied Ms. Roberts that form of relief. *See* ECF No. 307, at 1. Instead, the Court's sole choice is between leaving Ms. Roberts's sentence as is and reducing it to a sentence of time served. For the reasons that follow, the Court concludes that reducing Ms. Roberts's sentence that drastically would disserve the factors that justified her forty-eight-month sentence only months ago and, thus, denies her motion.

As the Court explained in an earlier opinion, "[i]t is well established that a court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *Roberts I*, 2020 WL 1700032, at *1 (internal quotation marks and alterations omitted).  Section 3582(c)(1)(A)(i), the compassionate release statute, is one such exception: It permits a court to "reduce" a term of imprisonment, after considering the traditional sentencing factors set forth in 18 U.S.C. § 3553(a), if "it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).  At sentencing, the Court considered how the Section 3553(a) factors applied to Ms. Roberts and concluded that a forty-eight-month sentence was appropriate.  *See* ECF No. 284, at 2; ECF No. 301 at 23-26.  The factors that supported that sentence then weigh strongly against compassionate release now.  *See Roberts I*, 2020 WL 1700032, at *3 (noting that the Court "would be hard pressed to conclude that, whereas the Section 3553(a) factors justified a forty-eight month sentence only a month ago, the same factors suddenly justify a time-served sentence today"); *see also United States v. Ogarro*, No. 18-CR-373-9 (RJS), ECF No. 683, at 1 (S.D.N.Y. May 13, 2020) ("[T]he reasons supporting [the defendant's] original sentence — imposed just three months ago — weigh strongly against a compassionate release at this time.").  In particular, Ms. Roberts assisted in the sex-trafficking of minors, an egregious crime, and she played a "critical," even if marginal, "role" in the scheme.  *See* ECF No. 301 at 24-25.  Ms. Roberts also has a lengthy criminal history.  *See id.* at 25.  And while she accepted responsibility and acknowledged her "reprehensible behavior," she also "somewhat minimiz[ed] her role and den[ied] her culpability in it."  *Id.*

Admittedly, the Court was not in a position to consider the COVID-19 pandemic, and the risks it would pose to prisoners in particular, at the time of Ms. Roberts's sentencing. *Cf. United States v. Nkanga*, — F. Supp. 3d —, No. 18-CR-713 (JMF), 2020 WL 1529535, at *4 (S.D.N.Y. Mar. 31, 2020) ("If the Court (or counsel) had fully anticipated the circumstances that now exist, the Court likely would have adjourned Dr. Nkanga's sentencing until after the danger had passed and granted his release under Section 3145(c) in the interim."). In the Court's view, however, these new risks are not so "extraordinary and compelling" as to warrant reducing Ms. Roberts's four-year sentence by two-thirds. Ms. Roberts has not submitted persuasive evidence that she is in heightened danger from COVID-19. Ms. Roberts argues that she is at greater risk because she is diagnosed with HIV. ECF No. 305, at 2. But according to the Centers for Disease Control and Prevention ("CDC") guidelines that she herself cites, there is currently "no specific information about the risk of COVID-19 in people with HIV." ECF No. 309, at 2. Ms. Roberts claims that, read in context, the CDC guidelines suggest that people with HIV are, in fact, at a higher risk, but the guidelines suggest as much only with respect to people whose HIV is not well-controlled. *See id.* (quoting the CDC's warning that "[t]he risk for people getting very sick is greatest in . . . [p]eople with a low CD4 cell count, and [p]eople not on HIV treatment"); *id.* at 8 (noting only that "HIV is detectable in her system" where it was not before). The CDC's remaining guidance is identical to the advice given to the general population: wash your hands, distance yourself from others, and maintain a healthy lifestyle. *See id.* at 2-3. Similarly, Ms. Roberts does not describe the severity of her asthma, and the medical evidence regarding the risk posed by COVID-19 to people with asthma is now equivocal. *Compare People with Moderate to Severe Asthma*, Ctr. for Disease Control (last accessed May 22, 2020), *available at* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/asthma.html, *with* Danny Hakim,

*Asthma Is Absent Among Top Covid-19 Risk Factors, Early Data Shows*, N.Y. Times (Apr. 16, 2020), *available at* https://nytimes.com/2020/04/16/health/coronavirus-asthma-risk.html.

The Court is sympathetic to Ms. Roberts's concerns and sensitive to the dangers faced by those in jails and prisons from COVID-19.  "Realistically, the best — perhaps the only — way to mitigate the damage and reduce the death toll [of inmates from COVID-19] is to decrease the jail and prison population by releasing as many people as possible."  *Nkanga*, 2020 WL 1529535, at *1.  But, considering the Section 3553(a) factors — as the Court must — compassionate release "is simply too blunt an instrument for the task at hand."  *Ogarro*, No. 18-CR-373-9 (RJS), ECF No. 683, at 5; *see also United States v. Walter*, No. 18-CR-834-6 (PAE), 2020 WL 1892063, at *3 (S.D.N.Y. Apr. 16, 2020) ("Converting Walter's sentence to one of home confinement, when he has served just 17 months of a 62-month term of incarceration, would disserve these important § 3553(a) factors.").  Put simply, although the Court might have granted Ms. Roberts temporary release if it had the power to do so, it cannot — in view of the other sentencing considerations at stake — justify reducing her well-justified sentence to a sentence of time served.  Accordingly, Ms. Roberts's motion is DENIED.

The Clerk of Court is directed to terminate ECF Nos. 305, 308, and 309.

SO ORDERED.

Dated: May 22, 2020
New York, New York

_____
JESSE M. FURMAN
United States District Judge